RECEIVED

FEB 0 7 2019

Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CYLE KEITH KOKOT,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 18-74-BU-BMM-JCL<br><br><br>FINDINGS AND<br>RECOMMENDATION OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se petitioner Cyle Keith Kokot's application for writ of habeas corpus under 28 U.S.C. § 2254.

## I. Background

Following a conviction for Sexual Assault in Montana's Eighteenth Judicial District, Gallatin County, Kokot was sentenced to the Montana State Prison for 25-years, with 10 of those years suspended. (Doc. 1 at 1.)[1] In 2018, Kokot became parole eligible and made his initial appearance before the Montana Parole Board ("the Board"). *Id.* Kokot's parole was denied. *Id.* The Board advised Kokot to obtain victim impact programming and complete any additional programs available

---

[1] See also, Montana Correctional Offender Network:
https://app.mt.gov/conweb/Offender/3017283 (accessed February 7, 2019).

1

to him at the prison; Kokot was scheduled to reappear before the Board in August of 2020.[2]

At the same time Kokot filed his petition in this Court, he also filed a nearly identical habeas petition in the Montana Supreme Court. Cf., (Doc. 1) with, *Kokot v. State*, OP 18-0620, Pet. (filed Oct. 31, 2018).[3] In both matters, Kokot argued that his right to due process was violated when Gallatin County Attorney Marty Lambert was allowed to make "confidential" statements to the Board to which Kokot was not given the opportunity to respond or defend himself and that he has a reasonable expectation of parole due to his compliance with administrative rules and procedures. See e.g., (Doc. 1 at 1-2.) Kokot requests that he be provided a new parole hearing and that the Gallatin County Attorney's Office be prevented from continuing its purportedly malicious activities. *Id.* at 2.

In denying his petition, the Montana Supreme Court held Kokot had neither a liberty interest nor a reasonable expectation of parole because his crimes were committed after 1989. *Kokot v. State*, OP 18-0620, Or. at 3 (Mont. Nov. 13, 2018) (citing *Worden v. Board of Pardons and Parole*, 1998 MT 168, ¶42, 289 Mont. 459, 962 P. 2d 1157).

---

[2] See, Montana Board of Pardons and Parole, August 2018 Dispositions, available at: https://bopp.mt.gov/Dispositions (accessed February 7, 2019).

[3] All state court orders and briefing available at: https://supremecourtdocket.mt.gov/ (accessed February 7, 2019).

The Court also determined Kokot had been provided a fair hearing. *Id.* at 2. Under Montana law, the Board has broad discretion to consider any relevant information regarding each prisoner. This information includes: "the circumstances of his offense, his previous social history and criminal record, his conduct, employment and attitude in prison, and the reports of any physical and mental examination that have been made." *Id.* at 2 (citing *McDermott v. McDonald*, 2001 MT 89, ¶20, 305 Mont. 166, 24 P. 3d 200, quoting §46-23-202, MCA (1985)). The Court observed, under this broad grant of authority, the Board was free to consider information from any interested person, including criminal justice authorities, a group to which County Attorney Lambert belonged. *Id.* at 2. While Kokot may have not been provided an opportunity to specifically rebut Lambert's statements, Kokot was provided the opportunity to be heard and provided with a written copy of the Board's decision denying his parole. *Id.* at 2-3. Thus, due process was not offended. *Id.* at 2.

Finally, the Court noted that the Board also has sole authority and discretion to schedule parole hearings. *Id.* at 3. Kokot's scheduled reappearance in 2020 did not affect the length of the net 15-year sentence he was serving. In sum, Kokot failed to demonstrate his incarceration was illegal. *Id.*

### III. Analysis

As explained below, because Kokot's claims do not survive deferential

3

review under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), his petition should be denied.

### i. Application of AEDPA

Because Kokot filed his federal habeas petition after April 24, 1996, his petition is governed by the AEDPA, 28 U.S.C. §2254. *Woodford v. Garceau*, 538 U.S. 202, 204 (2003). Under §2254(d)(1), a federal court must deny habeas relief with respect to any claim adjudicated on the merits in a state court proceeding unless the proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

Upon federal review, there is a highly deferential standard for state court rulings which "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 776, 773 (2010). The petitioner carries the burden of proof under this standard, and it is "difficult to meet." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). For relief to be granted, "a state court merits ruling must be so lacking in justification that there was an error . . . beyond any possibility for fair minded disagreement." *Bemore v. Chappell*, 788 F.3d 1151, 1160 (9th Cir. 2015).

Because the state and federal habeas petitions were filed simultaneously, Kokot did not explain upon what basis he found the Montana Supreme Court decision to be contrary to or involving an unreasonable application of federal law.

4

But, a review of the federal standards at issue demonstrates that the Montana Supreme Court's decision was reasonable.

In conducting habeas review a federal court is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam). The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause, and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources- the Due Process Clause itself and the laws of the States." *Id.* (quotation and citation omitted); see also, *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself, […or] from an expectation or interest created by state laws or policies.").

It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout*, 562 U.S. at 222. With

respect to parole hearings an inmate is constitutionally entitled only to an opportunity to be heard, and a statement of reasons why parole was denied. *Swarthout*, 562 U.S. at 220. And, as Kokot was advised by the Montana Supreme Court, there is no state-created liberty interest in parole. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998) (holding that when the Legislature amended the statute in 1989, it eliminated any liberty interest in parole); *see also* Mont. Code Ann. § 46-23-208(1) (providing the parole board *may* release a prisoner on parole when certain criteria are met). Thus, there is neither a constitutional right nor a protected liberty interest at issue in the instant case.

While Kokot disagrees with the Board's decision to deny him release on parole, he does not advance a claim that he was deprived of anything to which he was entitled. The fact that he received an outcome that was not favorable to him does not convert this matter into one of constitutional import. To the extent that Kokot believes County Attorney Lambert's statement was improper, this issue involves the interpretation and application of state law and administrative rules. Accordingly, it is not subject to review by this Court. *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

The Parole Board had discretion to deny Kokot parole under state law, thus, Kokot cannot prevail on a due process claim in this habeas action. Additionally, because the Montana Supreme Court's denial of Kokot's petition was not objectively unreasonable, this Court must afford the decision deference. 28 U.S.C. §2254(d). For all these reasons, Kokot's petition should be denied.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability (COA) should be issued as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Mr. Kokot has not made a substantial showing of denial of a constitutional right. There are no close questions or reasons to encourage further proceedings.

Based upon the foregoing, the Court makes the following:

7

## RECOMMENDATION

1. Mr. Kokot's Petition, (Doc. 1), should be DENIED; his claims do not survive deferential review under 28 U.S.C. § 2254(d).

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Kokot may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Kokot must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 7th day of February, 2019.

<i>/s/ Jeremiah C. Lynch</i><br>
Jeremiah C. Lynch<br>
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Kokot is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.