# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

CYLE KEITH KOKOT,

                  Plaintiff,

vs.

STATE OF MONTANA,

                  Defendant.

**CV 18-74-BU-BMM-JCL**

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**

      Petitioner Cyle Keith Kokot filed a petition seeking a writ of habeas corpus under 28 U.S.C. §2254 on November 26, 2018. (Doc. 1.) Kokot was sentenced to the Montana State Prison for 25 years, with 10 years suspended. Kokot became eligible for parole in 2018. Kokot appeared before the Montana Parole Board and his parole was denied.

      Kokot's petition argues that his right to due process was violated when Gallatin County Attorney Marty Lambert was allowed to make "confidential" statements to the Montana Parole Board to which Kokot was not given the opportunity to respond or defend himself. Kokot argues that he has a reasonable expectation of parole due to his compliance with administrative rules and procedures. *Id.* at 1-2.

Kokot filed an identical habeas petition in the Montana Supreme Court. The Montana Supreme Court determined that Kokot had neither a liberty interest nor a reasonable expectation of parole because his crimes occurred after 1989. The Montana Supreme Court further determined that Kokot had been provided a fair hearing and Kokot failed to demonstrate that his incarceration was illegal. The Montana Supreme Court denied Kokot's petition.

Magistrate Judge Jeremiah Lynch issued Findings and Recommendations in this matter on February 7, 2019. (Doc. 6.) Judge Lynch determined that because Kokot filed his federal habeas petition after April 24, 1996, his petition was governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA requires a showing that the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Judge Lynch determined that Kokot failed to show that the Montana Supreme Court's decision was contrary to or involved an unreasonable application of federal law. Judge Lynch further determined that the Montana Parole Board had discretion to deny Kokot parole under state law.

Judge Lynch recommended that Kokot's petition be denied. Judge Lynch further recommended that a certificate of appealability be denied. Neither party objected to Judge Lynch's Findings and Recommendations.

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Lynch's Findings and Recommendations.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 6), are **ADOPTED IN FULL.** Kokot's Petition, (Doc. 1), is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

**IT IS FURTHER ORDERED THAT** a certificate of appealability is **DENIED.**

DATED this 27th day of February, 2019.

Brian Morris
United States District Court Judge